# Walker *v.* The State.

### Indictment for Burglary.

1. *Burglary and larceny joined in the same count.*—An indictment composed of a single count, charging the commission of burglary in the form prescribed by the Code, is not vitiated because it further charges that the defendant feloniously took and carried away from the house entered, money and goods of a given value.

2. *Mental capacity of witness.*—If a witness has sufficient capacity to understand an oath and to narrate the transaction in an intelligent, rational manner, he should not be excluded on account of mental incapacity, but his credibility is a question for the jury.

3. *Stolen articles admissible in evidence.*—There being evidence tending to show that certain articles had been burglariously stolen, and their possession traced to defendant, as also that a vest previously worn by him had been found near the scene of the burglary, it was not error to permit these articles to be introduced in evidence before the jury.

Appeal from Blount Circuit Court.

Tried before Hon. JOHN B. TALLY.

The defendant demurred to the indictment because two different offenses were joined in one count. Defendant objected to one Abe Muller being allowed to testify because he was a *non compos mentis*. In support of his objection, a physician testified that Muller had worked for him and he had known him for eighteen months, and in his opinion, said Muller was demented and had not sufficient mental capacity to testify as a witness. On *voir dire* Muller testified to his understanding of the obligation of an oath and the court permitted him to be examined as a witness. The third exception was based on the action of the court in permitting

a shirt, a vest, and button, to go before the jury as evidence, the former being traced to the possession of the defendant shortly after it was taken from the house, where the burglary was committed. The vest was worn by defendant the day the crime was committed and was found near the store burglarized. The button had been seen in possession of defendant before and was found after the burglary near the money drawer in the store.

DICKINSON & DARDEN, for appellant.

W. L. MARTIN, Attorney-General, *contra.*

STONE, C. J.—The indictment in this case contains all of substance that is set forth in the Code form for burglary, and is consequently sufficient, if the charge of larceny had been omitted. Form 20, Code of 1886, Vol. 2, p. 268. It avers that the breaking and entering were with the intent to steal. In this, it differs from, and is fuller than the third count of the indictment, which was considered and passed upon by this court in *Bell & Murray v. State,* 48 Ala. 684, 694. After averring in the case before us, all the ingredients of burglary, the indictment proceeded farther, and charged that defendant, after burglariously entering the house, "feloniously took and carried away from said storehouse", certain moneys and articles of merchandise. It is not error to join these two offenses in one and the same indictment, or, as was done in this case, to charge that the "intent to steal" was carried into execution.—2 Archb. Crim. Pr. & Pl. (Pomeroy's Ed. 1114; Clark's Man. §§ 878, 879; *Hild v. State,* 67 Ala. 39. The Circuit Court did not err in overruling the demurrer to the indictment.

The second objection urged upon our consideration, brings up the ruling of the Circuit Court in permitting the witness Abe Muller to testify against the defendant. The precise objection is, that he had not sufficient intellect to authorize his testimony to be heard. In the case of *Allen v. State,* 60 Ala. 19, we declared a somewhat liberal rule on this subject. In this we but followed the tendencies of modern judicial determination—namely, not to exclude a witness on account of mental incapacity to testify, if he have sufficient capacity to understand an oath, and to narrate the transaction in what appears to be an intelligent, rational manner. 1 Wharton's Law of Evidence, § 403; 1 Greenl. Ev., § 365; "A man may have many delusions, and yet be capable of narrating facts truly; and, in any view, the existence of such

[Shelby v. The State.]

delusions on his part, at the time of trial, goes to his credit and not to his competency." We hold this question was properly left to the jury.

We deem it scarcely necessary to notice the other questions. There was certainly some testimony tending to identify the shirt, as having been burglariously stolen from the Morris brothers, and that its possession had been traced to the defendant. There was also testimony tending to show that the vest that had been picked up, had been previously worn by defendant. The place at which the vest was picked up, as well as the possession and identity of the shirt, if the witnesses were not mistaken, were proper circumstances for the jury to weigh in considering the guilt or innocence of the accused. Manifestly, there was testimony which, if believed, tended to prove defendant's guilt, and the court did not err in refusing to give the general charge, nor in overruling the motion for a new trial.

Affirmed.