# Lightner *v.* The State.

### Murder.

(Decided February 3, 1916. Rehearing denied March 30, 1916. 71 South. 469.)

1. **Evidence; Opinion; Expert.**—The appearance of fresh blood is within the common knowledge of mankind, and a witness need not be an expert on blood in order for him to testify that fresh marks and spots on defendant's hands and clothing were made by blood.

2. **Trial; Objections to Evidence; Time.**—Where no objection was interposed to the competency of a witness to give expert testimony before he

answered the questions propounded, the objection by motion to exclude came too late.

**3. Appeal and Error; Harmless Error; Evidence.**—Where the same fact was testified to by numerous other witnesses without objection, and was admitted by defendant, its admission was harmless, if error.

**4. Homicide; Dying Declarations.**—Where shortly before his death deceased stated that he was dying, and that defendant had cut his throat, his request in connection therewith that a doctor be called could indicate only a hope for relief from suffering, not a hope that his life could be saved, and does not render his dying declarations inadmissible.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Lamar Lightner was convicted of murder in the first degree, and he appeals. Affirmed.

FRONTIS H. MOORE, and B. GUY SMITH, for appellant. WILLIAM L. MARTIN, Attorney General, for the State.

SOMERVILLE, J.—The defendant was convicted of murder in the first degree, and sentenced to death.

The trial judge admitted certain testimony of which appellant complains.

(1) 1. A witness need not be an "expert on blood" in order to testify that fresh marks and spots on the defendant's hands and clothing were made by blood. The appearance of fresh or recently extracted blood is within the common knowledge of mankind, and any intelligent witness is presumptively competent to identify it when he sees it.

(2, 3) However, defendant did not object to the competency of Dr. McGehee for this purpose until after he made the statement, and the objection by motion to exclude came too late. Moreover, numerous other witnesses testified without objection to the presence of blood on defendant's hands and clothing shortly after the killing, and defendant admitted it himself.

(4) When the dying declaration of deceased was first introduced by the state, no predicate was offered as to his consciousness of and belief in his impending dissolution. But immediately afterwards the witness testified that deceased cried out: "I am dying! I am dying! My coat is by the fence where I fell. Please get the doctor for me. Lamar Lightner have cut my throat"— and that he died in a short while.

[Lightner v. The State.]

It is contended that deceased's request for a doctor showed that he did not despair of life. We think, however, that this declaration, taken in connection with the plainly desperate character of the wound, and the declarant's almost immediate death thereafter, was sufficient evidence of his belief that he was then dying; and that the declaration properly went to the jury. The accompanying request for a doctor, if it stood alone, would be of equivocal import; for, while it may have been prompted by a lingering hope of life, it may just as well have meant no more than a hope that medical skill might ameliorate his sufferings. But only the latter construction is consistent with his cry, "I am dying." This particular point was so ruled in *Johnson v. State,* 17 Ala. 618, where the declarant asked the physician who was present if he could help her, and he replied that he thought he could; but this did not exclude the declaration. So, also, in *McQueen v. State,* 94 Ala. 50, 10 South. 433, the declaration of deceased that he believed he would not live was not overcome by his contemporaneous request of the witness "to do all you can for me."

We hold that the decluaration was prima facie admissible, and that it was properly admitted under the circumstances shown.

As no error appears in the record, the judgment of conviction must stand affirmed.

Affirmed. All the Justices concur.