SPARKS v. STATE. (6 Div. 46.)

(Court of Appeals of Alabama. Jan. 9, 1923.)

1. **Criminal law** 🔑1153(5)—**Trial court has discretion as to whether witness shall be put under the rule.**

The trial court has discretion as to whether witnesses shall be put under the rule, and where this discretion is not abused the ruling will not be reviewed.

2. **Intoxicating liquors** 🔑233(1)—**Evidence of trapdoor in room where whisky found immaterial.**

In a prosecution for possessing prohibited liquors, testimony showing a trapdoor in the floor of the room where the whisky was found was immaterial; no whisky having been found in the receptacle reached by the trapdoor.

3. **Criminal law** 🔑693, 696(5)—**Objection and motion to strike answer to question unobjected to comes too late.**

In a prosecution for possessing prohibited liquors, where no objection was made to a question calling for an answer that there was a trapdoor in the floor of the room where whisky was found, an objection to the answer and motion to exclude it comes too late.

4. **Criminal law** 🔑351(1)—**Evidence of defendant's statement that key to feed room was lost was relevant.**

In a prosecution for possessing intoxicating liquors, where the whisky was found in a feed room in defendant's sale stable, the door to which was locked, and possession of the key thereto had a direct bearing on who was in possession of the feed room, permitting evidence that defendant told an officer making the search that the key to the lock on the feed room door was lost was not error.

5. **Criminal law** 🔑1044—**Where no motion made to exclude solicitor's remarks, no question is presented for review.**

Where, on objection to remarks of solicitor, there was no motion to exclude the remarks, no question is presented for review.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Hubert Sparks was convicted of possessing prohibited liquors, and he appeals. Affirmed.

Wm. E. James, of Cullman, for appellant.

It is an abuse of judicial discretion for the trial court to refuse to put all officers, except the sheriff, under rule. Counsel argues for a reversal for the statements made by the solicitor that "all the facts and circumstances of this case show the defendant is a bootlegger," and that "the argument of defendant's attorney sounded like the argument of a bootlegger's lawyer." 16 Ala. App. 61, 75 South. 267; 74 Ala. 386; 17 Ala. App. 178, 84 South. 638; 17 Ala. App. 500.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The discretion of the trial judge, refusing to put deputies under the rule, will not be interfered with, unless abused. 100 Ala. 47, 14 South. 865. The argument of the solicitor was not improper. Hubert Sparks v. State (6 Div. 45) ante, p. 82, 95 South. 200.

SAMFORD, J. [1] It has many times been held that the trial judge has a discretion as to whether witnesses in criminal as well as civil cases shall be put under the rule. Where this discretion is not abused, appellate courts will not review such rulings. Webb v. State, 100 Ala. 47, 14 South. 865.

[2, 3] It is contended that the court erred in admitting testimony showing a trapdoor in the floor of the room where the whisky was found. No whisky having been found in the receptacle reached by the trapdoor, this testimony was immaterial; but no objection appears to have been made to the

---

🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

question calling for this testimony, and therefore the objection to the answer and motion to exclude came too late. Fearn v. State, (Ala. App.) 90 South. 37;[1] Baxley v. State, (Ala. App.) 90 South. 434.[2] Besides the testimony could not in any way have influenced the jury on the question of possession, for which defendant was being tried.

[4] The whisky was found in a feed room in defendant's sale stable or barn, the door to which was locked. The state was permitted over proper objection and exception to prove that defendant told the officer making the search that the key to the lock on the feed room door was lost. The possession of the key to this lock had a direct bearing upon who was in possession of the feed room. If defendant had produced it such act might have shown his complete control of the feed room, and his explanation of why he did not produce it was relevant on the question of possession.

[5] With reference to the remarks of the solicitor, objected to by defendant, it is sufficient to say: No motion to exclude the remarks was made, and under the decisions of this court and of the Supreme Court the question is not presented for review. B. R. L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; Montgomery v. State, 18 Ala. App. 213, 91 South. 630.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

MERRITT, J., not sitting.

[1] 18 Ala. App. 122.
[2] 18 Ala. App. 277.

