## SUMMERS et al. v. STATE. (7 Div. 953.)

(Court of Appeals of Alabama. Feb. 2, 1924.)

Criminal law ⊚⇒956(4)—Motion for new trial properly overruled, where allegation in support thereof not supported by the evidence.

A motion for new trial, on the ground that, after the court had taken the cause under consideration, it had viewed the locus in quo in absence of defendants or their counsel was properly denied, where the only evidence on such contention was the statement of the trial judge that he had viewed the locus in quo before the trial.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Dick Summers and W. A. Noah were convicted of assault and battery, and they appeal. Affirmed.

J. M. Miller and E. O. McCord & Son, all of Gadsden, for appellants.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. Defendants were convicted of assault and battery, and appeal.

The trial was had before the judge, sitting without a jury. In such cases, the judge in passing upon the facts takes the place of a jury.

The evidence introduced by the state was ample to sustain the finding of guilt as to each defendant.

After conviction, the defendants made a motion for a new trial on the ground that, after the evidence was all in, and the case had been submitted to the court for decision, the court having the cause under consideration viewed the locus in quo in the absence of the defendants or their counsel. The statement of the trial judge, which is the only evidence offered to sustain this contention, is to the effect that he did view the locus in quo, but that this took place on Saturday before the trial of the present cases, which according to the record took place on June 25th. The allegations of the motion, therefore, are not sustained, and the motion for a new trial was properly overruled.

We find no error in the record, and the judgment is affirmed.

Affirmed.

---

(99 South. 61)

## GOODMAN v. STATE. (7 Div. 2.)

(Court of Appeals of Alabama. Feb. 2, 1924.)

1. Criminal law ⊚⇒1159(3)—Verdict on conflicting evidence not disturbed on appeal.

Where evidence is conflicting, the question is for the jury, and its verdict will not be disturbed on appeal.

2. Witnesses ⊚⇒240(2) — Allowing leading questions by solicitor in court's discretion.

Allowing solicitor to ask leading questions is in the discretion of the trial court.

3. Criminal law ⊚⇒811(1)—Charge singling out portion of evidence held properly refused.

A charge singling out a portion of the evidence on which acquittal was demanded was properly refused.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Andy Goodman was convicted of manufacturing whisky, and appeals. Affirmed.

On the examination of a witness the solicitor propounded this question:

"I want to ask you whether or not there was any dugout under the floor anywhere?"

Charge 4, refused to defendant, is as follows:

"The court charges the jury that, if you have a reasonable doubt as to whether defendant was seen by the prosecuting witness under the house of Rear working at the still, you should acquit the defendant."

Hugh Reed, of Center, for appellant.

The question asked by the solicitor was leading, and objection should have been sustained. Hill v. State, 156 Ala. 3, 46 South. 864. Charge 4 should have been given.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charge 4 singles out a part of the evidence, and is bad. 1 Mayfield's Dig. 170.

SAMFORD, J. [1] The evidence in this case was in direct conflict, that for the state making a positive case for the state, and that for the defendant denying the statements made by the state's witnesses. The question was one for the jury, and we are not authorized to disturb the verdict.

[2] While the question asked by the solicitor, to which objection was made, was leading, its allowance was in the discretion of the trial judge.

[3] Refused charge 4 is bad, for that it singles out a portion of the evidence, upon which an acquittal is demanded. 1 Mayf. Dig. p. 170, par. 13.

We find no error in the record, and the judgment is affirmed.

Affirmed.