### DILL v. STATE.    (6 Div. 398.)

(Court of Appeals of Alabama.    April 22, 1924.)

1. **Criminal law ⊂⇒1091(12)—Oral charge and charges given and refused should not appear both in record proper and bills of exception.**

Under Acts 1915, pp. 815, 816, amending Code 1907, § 5364, the oral charge and charges given and refused should not be included in record proper and in bills of exception, though excerpts from oral charge to which exception reserved must appear in bill of exceptions.

2. **Criminal law ⊂⇒829(1)—Refusal of charges covered by others given not error.**

Refusal of charges covered by others given not error.

3. **Homicide ⊂⇒307(4)—Instructions ignoring charge of lesser degrees of homicide included in indictment for first degree murder held properly denied.**

Where indictment was for first degree murder, and included lesser degrees of homicide, instructions to acquit, if truthfulness of evidence as to any material allegation of indictment was reasonably doubted, *held* properly denied.

4. **Criminal law ⊂⇒829(1)—Requested charge as to necessity for unanimity of jury held covered by another given.**

Requested charges as to necessity for unanimity of jury *held* properly covered by another given.

Appeal from Circuit Court, Marion County; R. L. Blanton, Judge.

Will Dill was convicted of murder in the second degree, and appeals. Affirmed.

Charges 20 and 21, refused to defendant, are as follows:

"(20) I charge you, gentlemen of the jury, that, if you are reasonably doubtful of the truthfulness of the evidence in this case as to any material allegation in the indictment, you must find the defendant not guilty.

"(21) The court charges the jury that, if you are reasonably doubtful of the truthfulness of the evidence as to any material allegation in the indictment, after considering all the evidence, then it would be your duty to find the defendant not guilty."

E. B. & K. V. Fite, of Hamilton, for appellant.

Charges 20 and 21 state correct propositions of law, and should have been given.

---

May v. State, 16 Ala. App. 541, 79 South. 677; Ex parte State, 202 Ala. 697, 79 South. 877.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charges 20 and 21 were properly refused, for the reason that defendant might be convicted of different degrees of crime. Null v. State, 16 Ala. App. 542, 79 South. 678.

BRICKEN, P. J. From a judgment of conviction for the offense of murder in the second degree and a sentence of 12 years' imprisonment in the penitentiary this defendant appealed.

[1] The record in this case is voluminous, as a matter of fact unnecessarily so; there being no reason under the law why the oral charge and the given and refused charges should be included both in the record proper and also in the bill of exceptions, as here appears. These charges cover more than 40 pages of this transcript, and we think it not out of place to state that they need appear only in the record, and that it is a waste of labor to also incorporate them in the bill of exceptions. The statute expressly provides that in case of appeal the charges must be set out in the transcript in the following manner: (1) The charge of the court; (2) the charges given at the request of the plaintiff or the state; (3) the charges given at the request of the defendant; (4) the charges refused to the appellant. And the statute also expressly provides that it shall not be necessary to set out these charges in the bill of exceptions, or state therein that an exception was reserved to the giving or refusing of charges requested, but it shall be presumed that each charge was separately requested and a separate exception reserved as to the giving or refusal thereof. Acts 1915, pp. 815, 816. See, also Ex parte Mobile Light & R. Co. v. Thomas, 201 Ala. 493, 78 South. 399. One of the manifest purposes of the present statute, which is an amendment to section 5364 of the Code of 1907, is to change the old rule so as to prevent a duplication of the same matter by incorporating it in the record and also in the bill of exceptions, which is objectionable and unnecessary. Lipscomb v. McClellan, 72 Ala. 151; Weems v. Weems, 69 Ala. 104; Smith v. State, 68 Ala. 424.

The statute, supra, has no application, of course, to excerpts of the court's oral charge to which exceptions are reserved. Such excerpts of the oral charge must appear in the bill of exceptions, and the entire oral charge of the court in the record only.

There were several rulings of the court upon the testimony, to which exceptions were reserved, which have had our attention. None of the exceptions reserved in this connection are sufficient upon which to predicate a reversal of the judgment appealed from. In each instance the ruling was free from error of a prejudicial nature. This appears to be conceded by counsel for appellant, as their brief and argument is confined solely to the action of the court in refusing numerous written charges to defendant.

In addition to an elaborate oral charge of the court, covering about 12 pages of the transcript, there were 31 special written charges given at the instance of the appellant, and this full oral charge, together with the 31 given charges, appear to cover every phase of the law applicable to this case.

[2] Charges 1 and 3 refused to defendant, were fully covered by the oral charge of the court and by numerous given charges. The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal, if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties.

Charge 4 is not predicated upon the evidence. Edwards v. State, 205 Ala. 160, 87 South. 179; Davis v. State, 188 Ala. 59, 66 South. 67. Pretermitting this, however, the proposition of law stated in this charge is fully covered by given charge 35.

Refused charges 5, 8, 13, 14, 15, and 16 were substantially and fairly covered by the oral and given charges.

The proposition of law stated in refused charges 17, 18, and 23—the presumption of innocence—is fully covered by given charge 39; also by the oral charge.

[3] The indictment in this case, and upon which the defendant was tried, charged murder in the first degree, and of course comprehended and included also the lesser degrees of homicide known to the law in this state. This being true, special written charges 20 and 21 were properly refused. Null v. State, 16 Ala. App. 542, 79 South. 680, and cases cited.

[4] Charges 24, 29, and 53, refused to defendant, are of the same import. The court in its concluding remarks to the jury expressly covered the proposition of law contained in these charges. In this connection the court said:

"It would be proper for the court to state that it takes 12 men to convict and likewise it takes 12 men to acquit. If you do not agree, then there would be no verdict, but a mistrial would be entered," etc.

The necessity for unanimity of the jury in order to reach a verdict is also stated in given charges "d" and 52.

Refused charge 41 is substantially and fairly covered by given charge 32, and the propositions of law contained in given charges 6, 26, 27, 28, 33, 43, and 44 are also analogous and of the same general import.

Given charge 42 and also the oral charge fully covers refused charge 45.

Charge 58, refused to defendant, is an exact duplicate of given charge 7; the refusal of this charge is therefore justified.

Other refused charges not specifically mentioned were properly refused,' having been fully covered.

No error appearing, the judgment of the circuit court will stand affirmed.

Affirmed.