### ZORN v. STATE. (4 Div. 985.)

(Court of Appeals of Alabama. Nov. 18, 1924. Rehearing Denied Dec. 16, 1924.)

**1. Criminal law ⬤═586, 1151—Continuance discretionary with trial court, and not disturbed, unless abused.**

The granting or refusing of motion for continuance is within the sound discretion of trial court, and will not be disturbed where it does not appear that discretion was abused.

**2. Intoxicating liquors ⬤═238(1)—Evidence held to warrant refusal of general affirmative charge for defendant in prosecution for manufacturing.**

In prosecution for manufacturing intoxicating liquors, where evidence showed that liquor was found in home of defendant, and that in his smokehouse near by there was found a complete still suitable for making whisky, *held* that general affirmative charge for defendant was properly refused.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Criminal law ⚖=>693—Objection to question after answer made too late.**

Where objection to question is not interposed until responsive answer is made, it comes too late.

**4. Criminal law ⚖=>1169(2)—Admission of testimony that apparatus suitable for making whisky error, but not prejudicial, where another witness made similar statement without objection.**

Permitting witness, without first being qualified, to testify that apparatus found on defendant's premises was suitable for making whisky was error, but not prejudicial, where another witness testified without objection that such apparatus could be set up and used for making whisky.

**5. Criminal law ⚖=>475—Expert competent to testify that mash tends to rust cans.**

It was competent for state to show by witness, qualified as an expert, that mash defendant used in cans tended to rust them.

**6. Criminal law ⚖=>404(4)—Jugs, can, and parts of still held admissible in prosecution for manufacturing.**

In prosecution for manufacturing intoxicating liquors, the jugs, can, and parts of still found in defendant's house and adjoining smokehouse were admissible in evidence.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Sam Zorn was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Zorn, 212 Ala. 414, 102 So. 723.

G. E. Jones, of Clayton, for appellant.

The corpus delicti was not proven, and defendant was entitled to the affirmative charge. Guin v. State, 19 Ala. App. 67, 94 So. 788; Cook v. State (Miss.) 94 So. 161; Mills v. State, 17 Ala. App. 493, 85 So. 867. The evidence pointed with equal force to another as the perpetrator of the crime, and defendant should not have been convicted. Williams v. State (Miss.) 98 So. 107.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. The defendant was convicted of manufacturing prohibited liquors.

[1] The granting or refusal of a motion for a continuance is within the sound discretion of the trial court, and the court will not be put in error for refusing the motion where it does not appear that such discretion was abused. Sanderson v. State, 168 Ala. 109, 53 So. 109; Caldwell v. State, 203 Ala. 412, 84 So. 272.

[2] The evidence for the state was directed to showing that certain officers found at the house of the defendant seven and a half gallons of homemade whisky that they called "shimmy," and in his smokehouse, about 10 feet from his residence, a complete still suitable for making whisky, that the can was smutty, and had mud daubed around the top, that it had the smell of beer or mash that contains alcohol, and had been recently used. The beer was of syrup, water, and corn in a fermented condition, and contained alcohol, but was not ready for use. The whisky found in the residence was in a three-gallon keg, two two-gallon jugs, and a half-gallon jug. The beer found in the smokehouse was in four-gallon earthenware vessels; that the beer was an alcoholic beverage in process of fermentation, and could be used for making whisky.

The evidence for the defendant tended to show that the can called a still and introduced in evidence was used by the defendant to pack salt meat in, and that the pipe in evidence was used in the smokehouse to hang meat on. The defendant denied having made whisky or operated a still, and testified that the "vinegar stuff" found in the smokehouse belonged to his wife and her mother, and that they had it for pickling purposes; that his wife and Ralph Duncan, his nephew, lived in the house with him; that he bought the whisky found in his wardrobe from a negro now dead; that he did not know whether or not Duncan knew he had the whisky in his house. Duncan testified that he knew nothing about the whisky.

It is earnestly insisted by counsel for appellant that the corpus delicti was not proven and that the defendant was entitled to the general affirmative charge as to the first count in the indictment. Learned counsel also insists that others had an equal opportunity with the defendant to commit the crime, and that for that reason the general affirmative charge should have been given for the defendant.

"Homemade whisky" was found in the defendant's wardrobe. Duncan, according to his evidence, knew nothing about that whisky, and did not live in that room of the house. It was the defendant's room where the whisky was found and the defendant's smokehouse where the beer and complete still were found; the still having been recently used. Mrs. Zorn, the wife of the defendant, was not present at the trial. The undisputed evidence showed that Duncan knew nothing about the whisky which was found in the defendant's wardrobe. The facts in the case of Edwards v. State, 19 Ala. App. 129, 95 So. 560 are almost identical with those in the instant case. Bricken, P. J., in that case said:

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The still, beer, and whisky were found upon the immediate premises of the defendant. He was accorded every opportunity to explain the presence of these contraband articles in his dwelling and smokehouse, and the undisputed fact that they were found on his premises, coupled with his explanation thereof, presented a question for the determination of the jury, and not a question of law for the court," and "the general rule is that the affirmative * * * charge should never be given, when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it."

See, also, Goodman v. State, 19 Ala. App. 556, 99 So. 61; Brock v. State, 19 Ala. App. 124, 95 So. 559; Sandlin v. State, 19 Ala. App. 583, 99 So. 784. It follows that the general affirmative charge for the defendant was properly refused.

[3] Where objection is not interposed to a question until after answer is made, and the answer is responsive, the objection comes too late, and is properly overruled. Downey v. State, 115 Ala. 108, 22 So. 479; Lewis v. State, 121 Ala. 1, 25 So. 1017; Hudson v. State, 137 Ala. 60, 34 So. 854; B. R. L. & P. Co. v. Taylor, 152 Ala. 105, 44 So. 580; Dowling v. State, 151 Ala. 131, 44 So. 403; Sparks v. State, 19 Ala. App. 84, 95 So. 557; Morrow v. State, 19 Ala. App. 212, 97 So. 106; Moulton v. State, 19 Ala. App. 446, 98 So. 709.

[4] The court erred in allowing the witness Thompson, without first being qualified to testify that the apparatus they found was suitable for making whisky. But it affirmatively appears that this error was not prejudicial to the substantial rights of the defendant. The witness Dunn had already testified, without objection:

"Those parts when set up can make such an apparatus as is suitable for making whisky and can be used for that purpose."

[5] It was competent for the state to show by the witness Dunn, who was qualified as an expert, that the mash they use in cans has a tendency to rust them.

[6] The articles found in the house and smokehouse of the defendant (the jugs, the can, and other parts of the still which the defendant was charged with operating) were admissible in evidence.

The following have been held admissible: The clothing worn by the deceased at the time of the killing and perforated by the shot (Holley's Case, 75 Ala. 14); articles alleged to be stolen and other articles alleged to be those of the accused found near the scene of the crime (Walker's Case, 97 Ala. 85, 12 So. 83); the overcoat worn by deceased when killed (Watkins' Case, 89 Ala. 82, 8 So. 134); a broken gun, the alleged implement of death (Ezell's Case, 103 Ala.

8, 15 So. 818); a ring alleged to have been stolen, found in possession of the defendant (Bryant's Case, 116 Ala. 445, 23 So. 40); weapons or implements with which a crime is committed (Mitchell's Case, 94 Ala. 68, 10 So. 518).

The court did not err in overruling the defendant's motion for a new trial.

The judgment of the circuit court is affirmed.