**HEWITT et al. v. STATE.   (2 Div. 311, 312.)**

(Court of Appeals of Alabama.   Nov. 18, 1924.
Rehearing Denied Dec. 16, 1924.)

1. **Intoxicating liquors ☞233(2)—Competent to show whisky was found on defendant's premises on trial for manufacturing, and possessing still.**

In prosecution for manufacturing liquor and possessing still it was competent for state to show that a five-gallon jug of whisky was found on defendant's premises as tending to show purpose for which still was to be used and as tending to connect defendant with manufacture of whisky in his possession.

2. **Criminal law ☞475—Competent to show by expert witness that articles taken from wagon were suitable for manufacturing.**

In liquor prosecution, where one of defendants alighted from a wagon, taking therefrom a copper gallon pot and funnel, it was competent for state to show by qualified expert that such articles were commonly used in manufacture of alcoholic liquors, as tending to prove that their possession was for such purpose.

3. **Criminal law ☞475—Testimony of expert witness held not objectionable as a conclusion.**

Testimony of expert witness that a copper gallon pot and funnel which one of defendants took from a wagon were suitable for manufacture of alcoholic liquors was not objectionable as a conclusion.

4. **Intoxicating liquors ☞226—Competent for state to show that wagon tracks did not continue beyond certain tree.**

In liquor prosecution, after witness had testified that he had followed tracks of defendants' wagon and that they led to top of a knoll where there was a tree which had been "gnawed," and that there were evidences of hitching an animal there, it was competent to show that wagon tracks did not continue beyond such tree.

5. **Intoxicating liquors ☞233(1)—Competent for state to show that from point where wagon tracks stopped two sets of men's tracks led to a still.**

In liquor prosecution, where two defendants had been seen riding in a wagon, it was competent for state to show that from point where wagon tracks stopped two sets of men's tracks led to points where a complete still, several barrels of mash, and barrels containing sugar, chops, and water were found.

6. **Intoxicating liquors ☞238(2)—Whether or not men riding in wagon made tracks to still held for jury.**

In liquor prosecution, where from point wagon tracks on road stopped two sets of men's tracks led down to a still, whether or not men riding in wagon made tracks to still held for jury.

7. **Criminal law ☞475—Competent to show that articles found were commonly used for making alcoholic liquors.**

In liquor prosecution, it was competent for state to show by one qualified as an expert that boiler, condenser, and other articles found were such as were commonly used for making alcoholic liquors.

8. **Criminal law ☞695(6)—Refusal to exclude entire testimony not error, where portions admissible.**

Where portions of a witness' testimony are admissible, and tend to connect defendant with commission of crime charged, court will not be

put in error for refusing to exclude entire testimony.

**9. Criminal law ⊜⇒406(7)—Competent for state to prove defendant's admission that whisky found near his house belonged to him.**

In liquor prosecution, after state had shown that statement was voluntarily made, it was competent to prove that one of defendants admitted that whisky found near his house belonged to him, as tending to prove purpose for which still was to be used and to connect defendant with manufacture of whisky.

**10. Criminal law ⊜⇒683(1)—Competent for state to show in rebuttal that certain articles were in same condition at time of trial as when found at house of one of defendants.**

In liquor prosecution, it was competent for state to show that certain articles in evidence were in same condition at time of trial as when found at house of defendant in rebuttal of evidence of defendants that one of them had just purchased articles at time officers found them and that they were then new and had not been used.

**11. Intoxicating liquors ⊜⇒238(1)—General charge properly refused, where evidence in conflict and sufficient to justify a conviction.**

General charge for defendants for unlawful possession of a still was properly refused, where the evidence was in conflict and ample to justify a conviction.

**12. Criminal law ⊜⇒829(1)—Refusal of requested charges covered by others given is not error.**

Refusal of requested charges covered by others given is not error.

**13. Criminal law ⊜⇒1159(3)—Verdict not disturbed, where evidence in conflict and warrants inference of guilt.**

Where evidence is in conflict, and there is evidence from which an inference of guilt may be predicated, verdict of jury will not be disturbed.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

George Hewitt and Pleas Adams were convicted of unlawfully possessing a still, and they appeal. Affirmed.

Craig & Brown, of Selma, for appellants.

The evidence was not sufficient to sustain a conviction, and defendants were entitled to the affirmative charge. Gay v. State, 19 Ala. App. 238, 96 So. 646; Hammons v. State, 18 Ala. App. 470, 92 So. 914; Jones v. State, 18 Ala. App. 116, 90 So. 135; Clark v. State, 18 Ala. App. 217, 90 So. 16; Mitchell v. State, 18 Ala. App. 119, 89 So. 98; Moon v. State, 19 Ala. App. 176, 95 So. 830; Seigler v. State, 19 Ala. App. 135, 95 So. 563; Thomas v. State, 19 Ala. App. 499, 98 So. 322; Farmer v. State, 19 Ala. App. 560, 99 So. 59; Biddle v. State, 19 Ala. App. 563, 99 So. 59; Hill v. State, 19 Ala. App. 483, 98 So. 317.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. [1] In a prosecution for manufacturing prohibited liquors and the unlawful possession of a still, it was competent for the state to show that a five-gallon jug of whisky was found on the premises of the defendant, as tending to show the purpose for which the still was to be used, and in connection with the evidence of the possession of a still as tending to connect the defendant with the manufacture of the whisky in his possession. Blackstone v. State, 19 Ala. App. 582, 99 So. 323; Edwards v. State, 19 Ala. App. 129, 95 So. 560.

[2, 3] It having been shown by a state's witness that the defendants were driving a wagon, and that one of the defendants, alighting from the wagon, took therefrom a copper gallon pot and funnel, it was competent for the state to show by a witness who had qualified as an expert that said articles were "such as were suitable to be used, generally used, or commonly used in the manufacture of alcoholic liquors." The evidence had a tendency to prove that, being suitable to be used for that purpose, its possession was for such purpose. Griggs v. State, 18 Ala. App. 467, 93 So. 499; State ex rel. Attorney General, In re Griggs, 207 Ala. 453, 93 So. 501; Wilson v. State (Ala. App.) 100 So. 915; [1] State ex rel. Attorney General, in re Wilson (Ala. Sup.) 100 So. 917.[2] The evidence was not objectionable as a conclusion of the witness. Authorities supra.

[4] A state's witness testified that he followed the track of the wagon defendants were driving; that there was no other wagon track along that road; that it had recently rained and the track was plain; that the mule drawing the wagon was shod in front and "barefooted behind"; that the track led to the top of a knoll where there was a tree which had been "gnawed"; that there were evidences of hitching an animal there, and where "the mule had pawed." It was competent for the state to show that the wagon track did not continue beyond the "tree that was gnawed."

[5, 6] It was likewise competent for the state to show that from the point where the wagon tracks stopped two sets of men's tracks were found leading down a bluff about 75 yards to a point where a complete still was found, and about 50 yards down a hollow where three 60-gallon barrels of "mash" were found, and about 40 or 50 yards further where 6 barrels were found containing sugar, chops, and water. The two defendants had been seen riding in the wagon which was traced to the tree from which two men's tracks started leading in the direction of the still, and, although there was no evidence as

to the size of the tracks, the evidence was that this was the only wagon that had traveled that way since a rain, and it was a question for the jury to determine whether or not the men riding in the wagon made the tracks to the still.

[7] It was also competent for the state to show by one qualified as an expert that the boiler, condenser, and other articles found were such as were commonly used for making alcoholic liquors. Griggs' Case, supra. Wilson's Case, supra.

[8] The rule is too well established to require citation of authority that, where portions of a witness' testimony are admissible, and tend to connect the defendant with the commission of the crime charged, the court will not be put in error for refusing to exclude the entire testimony. The court did not err in refusing to exclude all of the testimony of the witness Gaddy.

[9] After, the state had shown that the statement was voluntarily made, it was competent to prove that one of the defendants admitted that five gallons of whisky found near his house belonged to him, as tending to prove the purpose for which the still was to be used, and to connect the defendant with the manufacture of the whisky. Blackstone v. State, supra.

[10] It was competent for the state to show that certain articles in evidence were in the same condition at the time of trial as when they were found at the house of one of the defendants. This was in rebuttal of the evidence of the defendants that one of them had just purchased the articles at the time the officers found them, and that they were then new and had not been used. The court gave the general charge for both defendants as to the first count of the indictment.

[11] The court properly refused requested charges 5 and 7 requiring an acquittal under the second count of the indictment. The evidence was in conflict, and there was ample evidence to justify a conviction under the second count.

[12] Refused charges numbered 1 and 9 are duplicates of given charges 1 and 9. Refusal of requested charges covered by others given is not error. Dill v. State, 19 Ala. App. 636, 99 So. 831; Camillieri v. State, 19 Ala. App. 521, 99 So. 66.

[13] Where the evidence is in conflict, and there is evidence from which an inference of guilt may be predicated, the verdict of the jury will not be disturbed. Brown v. State, 19 Ala. App. 574, 99 So. 156; Goodman v. State, 19 Ala. App. 556, 99 So. 61.

The court did not err in refusing the motion for a new trial.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.

