53 So.2d 624

## HENDERSON v. STATE.

### 7 Div. 103.

Court of Appeals of Alabama.
June 29, 1951.

Keener & Keener, Centre, for appellant.

Si Garrett, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Defendant was charged under Title 29, Section 98, Code of 1940, with possessing illegal liquors. Upon the trial in the Cherokee Law and Equity Court he was found guilty and fined fifty dollars and costs.

The Sheriff was the sole witness in the case. His testimony was to the effect that

he went to the home of defendant where a picnic was in progress and, upon seeing the Sheriff, defendant took a pint bottle of white whiskey from his pocket and threw it out.

The defendant did not elect to become a witness in his own behalf. During the argument of the Solicitor the following occurred:

"Mr. Keener, Sr: We object to statement by Mr. Cobb that the defendant did not take the stand and any reference made to such." The remarks of the Solicitor to the jury are not set out in the record, but in reply to the defendant's objection, the Solicitor stated:

"Mr. Cobb: If Your Honor please, in answer to that a self-evident fact to the jury, to the Court, and the world, cast no reference and I have made no reference to the fact that he did not testify other than he did not take the stand."

The court overruled defendant's objection and motion for a mistrial and defendant duly excepted. This action of the court 'constituted, reversible error. The statement of the court in his oral charge that, "The fact that the darkey did not get on the stand to deny it being his could not be considered, of course," was not sufficient to cure the error under the doctrine of the long line of cases holding that if the trial Judge sustains the objection and promptly and emphatically undertakes to remove any injury that may have resulted from the Solicitor's remarks, that such remarks should not cause a reversal of the case. The appellant did not file a motion for new trial, as contemplated by Title 15, Section 305 of the Code of 1940 as amended.

The defendant appeared and entered a plea of not guilty. He made no objection, by plea or otherwise, to being put to trial. Therefore, the question of the Clerk's authority to issue the writ must be deemed to have been waived. James v. State, 21 Ala. App. 295, 107 So. 727; Booth v. State, 21 Ala.App. 160, 105 So. 912; Sanders v. State, 16 Ala.App. 531, 79 So. 312.

Defendant having failed to object on two occasions to questions propounded to the Sheriff, motions to 'exclude the answers, which were responsive, came too late. Sparks v. State, 19 Ala.App. 84, 95 So. 557; Rolls v. State, 35 Ala.App. 283, 46 So.2d 8; Coats v. State, 253 Ala. 290, 45 So.2d 35.

Appellant assigns as error the instruction by the court in its oral charge "So it is up to you; if you think the defendant is guilty your verdict shall be 'We the jury find the defendant guilty as charged and assess a fine of $50 to $500.' "

No exception having been reserved to any part of the court's oral charge on the trial, it is not subject to review by this court. Meadows v. State, 182 Ala. 51, 62 So. 737; Daily v. Quinn, 208 Ala. 398, 94 So. 523; Sovereign Camp W. O. W. v. Gay, 217 Ala. 543, 117 So. 78; Wilson v. State, 27 Ala.App. 38, 166 So. 715; Brown v. State, 27 Ala.App. 32, 165 So. 405.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.