Benny P. Grice was indicted for the offense of selling marijuana in violation of § 20-2-70, Code of Alabama 1975. The jury found the appellant "guilty as charged" and the trial judge fixed punishment at 15 years in the penitentiary and a fine of $25,000.00.
Gerard Herring testified that he was employed as a detective for the Alabama Bureau of Investigation in September, 1984. On the evening of September 28, 1984, Herring was working narcotics undercover with the Dothan Police Department. Herring had been assigned to work with Sergeant White of the Dothan Police Department. White supplied Herring with money and locations of suspected drug dealings and names of individuals the Dothan police suspected were dealing in drugs. The appellant's name was one which had been furnished Herring.
Herring first encountered the appellant on the evening of September 28, 1984, in front of a residence at the intersection of Pine and McKay Streets in Dothan. As Herring approached the house he observed the appellant taking marijuana from a large, clear plastic bag and placing it into smaller bags. Appellant would then sell the small bags of marijuana to people who were standing in line in the yard of the residence. Herring got in line along with a few other people. He heard someone refer to the appellant as "Benny Man", so when his turn came he stated to the appellant the following: "Hey Benny Man, give me a thirty cent bag". (R. 14) The appellant then reached into the clear plastic bag, pulled out an amount of marijuana and placed it into a small plastic bag. Herring paid the appellant $30.00, placed the bag of marijuana in his pocket and left. Herring then went to the Dothan Police Department, described the appellant to Sergeant White and told White the name he had heard appellant called that evening. White produced a picture of the appellant, Benny Grice, and Herring identified Grice as the individual who sold him the marijuana. Herring turned the marijuana over to Sergeant White.
John White testified that he was employed as a detective sergeant with the Dothan Police Department. On September 28, 1984, Herring was assigned to him to work undercover narcotics. He provided some money and leads for Herring and later that evening Herring came to the police station after having purchased some marijuana. Herring told him where and from whom he had purchased the marijuana. White then pulled out a picture of the appellant, Benny Grice, and showed it to Herring. Herring identified the appellant as the man he bought the marijuana from that night. Herring then gave White the bag of marijuana and both of them initialed the bag. White then placed the plastic bag in a manila evidence envelope, sealed the envelope, initialed it, and placed tape over the flaps of the envelope. White then placed this envelope into his desk locker and secured the locker. White later delivered this envelope to Joseph Saloom at the Enterprise Crime Lab. He further stated that the content of the bag was in the same condition at the time he turned it over to Saloom as it was when he received it from Herring.
Joseph Saloom testified that he was employed as a criminalist with the Enterprise Division of the Alabama Department of Forensic Sciences. He testified that it was his job to analyze substances turned over to him by various agencies to determine *Page 451 
whether or not they contained anything which might be prohibited or listed by the Alabama Uniform Controlled Substances Act. On October 16, 1984, Sergeant White and officer John Givens delivered a sealed manila envelope that contained a plastic bag full of green vegetable material. His analysis of this material revealed it to be 15.15 grams of marijuana.
 I
At the close of the State's case the appellant made a motion to exclude and a motion for judgment of acquittal, both of which were denied by the trial judge. On appeal of this conviction appellant contends that the trial judge erred in denying his motion to exclude and judgment of acquittal and sets forth several grounds therefor.
 A
Appellant contends that the trial judge erred in denying his motions because of a deficiency in the chain of custody of the marijuana.
The establishment of a chain of custody is needed to show a reasonable possibility that evidence has not been tampered with or altered. Smith v. State, 446 So.2d 68 (Ala.Crim.App. 1984);Tate v. State, 435 So.2d 190 (Ala.Crim.App. 1983). Further, "to establish a sufficient predicate for admission into evidence, it must be shown that there was no break in the chain of custody of the item." Ex parte Yarber, 375 So.2d 1231 (Ala. 1978); Mauldin v. State, 402 So.2d 1106 (Ala.Crim.App. 1981). However, it is not necessary to prove to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from the object at the commencement of the chain. Slaughter v. State, 411 So.2d 819
(Ala.Crim.App. 1981), cert. denied, 411 So.2d 819 (Ala. 1982). See also, Mauldin, supra; Sexton v. State, 346 So.2d 1177
(Ala.Crim.App.), cert. denied, 346 So.2d 1180 (Ala. 1977). Moreover, where a weak link in the chain of custody is said to exist, it presents a question of the credit and weight to be afforded the evidence, rather than the admissibility of the item. Williams v. State, 375 So.2d 1257 (Ala.Crim.App.), cert. denied, 375 So.2d 1271 (Ala. 1979).
A review of the evidence in this cause, as hereinabove set out, reveals that a proper chain of custody was established. The testimony further established that the item was substantially the same as it was at the beginning of the chain. The trial court did not err in denying appellant's motions on these grounds.
 B
Appellant contends that the trial court erred in denying his motions because the State failed to present a prima facie case. He argues that the evidence was not sufficient to support a guilty verdict.
"When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for acquittal, the refusal to give the affirmative charge, or the denial of a motion for new trial by the trial court do not constitute error." Baker v.State, 338 So.2d 528 (Ala.Crim.App. 1976); Cox v. State,363 So.2d 1054 (Ala.Crim.App. 1978); Duncan v. State, 436 So.2d 883
(Ala.Crim.App. 1983). Conflicting evidence as to what actually took place creates a question for the jury to resolve. Grahamv. State, 339 So.2d 110 (Ala.Crim.App.), cert. denied,339 So.2d 114 (Ala. 1976); McBryar v. State, 368 So.2d 568
(Ala.Crim.App.), cert. denied, 368 So.2d 575 (Ala. 1979).
 "In reviewing the issue of the sufficiency of the evidence to support a conviction, this Court must accept as true the evidence presented by the State, view the evidence in the light most favorable to the prosecution, and accord the State all legitimate inferences therefrom. Johnson v. State, 378 So.2d 1164, 1169 (Ala.Cr.App.), cert. quashed, Ex parte Johnson, 378 So.2d 1173 (Ala. 1979); Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App. 1978), cert. denied, Ex parte Cumbo, 368 So.2d 877 (Ala. 1979)." *Page 452 
Roberts v. State, 451 So.2d 422 (Ala.Crim.App. 1984). Further, "[a] verdict of conviction will not be set aside on the ground of insufficiency of the evidence, unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this [c]ourt that it was wrong and unjust." Ward v.State, 356 So.2d 238 (Ala.Crim.App.), cert. denied,356 So.2d 242 (Ala. 1978); Johnson v. State, supra; Duncan v. State, supra.
In the case at bar, the jury heard the evidence and was charged accordingly by the trial court. We have carefully reviewed the evidence in this cause and find that there was sufficient evidence to take the case to the jury and to support their verdict. The trial judge did not err in denying appellant's motions on these grounds.
 C
Appellant contends that the trial court erred in denying his motions due to the circumstances surrounding the identification of the appellant.
 "It has long been the rule in Alabama that a motion to exclude evidence made at the conclusion of the direct and cross-examination of a witness comes too late where no objection to such was made when it was initially elicited. Franklin v. State, 145 Ala. 669, 39 So. 979 (1906); Howard v. State, 36 Ala. App. 191, 54 So.2d 87 (1951); and cases cited therein. See also: Milligan v. State, 208 Ala. 223, 94 So. 169
(1922); Lightner v. State, 195 Ala. 687, 71 So. 469
(1916); Henderson v. State, 36 Ala. App. 143, 53 So.2d 624 (1951); and cases cited therein. See generally: Hill v. State, 194 Ala. 11, 69 So. 941 (1915); Sharp v. State, 193 Ala. 22, 69 So. 122 (1915); Matson v. State, 27 Ala. App. 396, 173 So. 612 (1937); and cases cited therein."
Brown v. State, 392 So.2d 1248, 1259 (Ala.Crim.App. 1980), cert. denied, 392 So.2d 1266 (Ala. 1981).
Further, the failure to challenge the identification through any pre-trial motion, by oral motion at trial, by post trial motion, or the failure to object to the in-court or extrajudicial identification, results in a failure to have the issue preserved for review. Dejnozka v. State, 399 So.2d 950
(Ala.Crim.App. 1981); Watson v. State, 398 So.2d 320
(Ala.Crim.App. 1980), cert. denied, 398 So.2d 332 (Ala. 1981);Glover v. State, 347 So.2d 592 (Ala.Crim.App. 1977); Hall v.State, 421 So.2d 1334 (Ala.Crim.App. 1982).
At no time during trial did the appellant object to the identification of the appellant or the manner in which the appellant was identified. Thus, pursuant to the above-cited authority, there is nothing for this court to review with respect to this issue.
A careful review of the record in this cause reveals no errors therein. The judgment of the trial court is, therefore, due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.