JAMES H. FAULKNER, Retired Justice.
Paula Jean Buice was indicted for the distribution of marijuana in violation of § 13A-12-211, Code of Alabama 1975. The jury found Buice guilty as charged in the indictment, and she was sentenced to eight years’ imprisonment in the penitentiary. Three issues are raised on appeal.
I.
Buice contends that she suffered a denial of due process by the trial court’s refusal to grant her motion for mistrial. Buice based her motion on the ground that her jury observed the trial court taking a guilty plea of. another defendant prior to the commencement of her trial and that she was thereby prejudiced.
“A high degree of ‘manifest necessity’ for the granting of a mistrial must be shown before a mistrial is granted.... A trial judge may exercise broad discretion in deciding whether a mistrial should be granted and an appellate court will not interfere with a trial court’s decision in such a case absent a clear abuse of discretion.” Spears v. State, 500 So.2d 96, 98 (Ala.Cr.App.1986).
In Calhoun v. State, 530 So.2d 259 (Ala.Cr.App.1988), we held that the jury’s observation of the trial court conducting other court business, including the taking of guilty pleas in other cases, did not prejudice the jury against the defendant and did not warrant a mistrial. Id. at 264. See also Spears, supra, 500 So.2d at 98 (jury’s observation of another defendant in shackles did not warrant a mistrial).
We have examined the record in this case, and we fail to see how the trial judge’s action in taking a guilty plea of another defendant in front of Buice’s jury operated to the prejudice of Buice. We therefore find no clear abuse of discretion in the trial court’s denial of Buice’s motion for mistrial.
II.
Buice contends that the evidence was insufficient to support the jury’s ver- *1224 diet and the resulting judgment of conviction because, she argues, the State failed to establish a prima facie case of the unlawful distribution of a controlled substance. We disagree.
“In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.” Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App.1984), aff'd, 471 So.2d 493 (Ala.1985). Where, moreover, the State establishes a prima facie case, conflicting evidence presents a jury question which is not subject to review on appeal. Willis v. State, 447 So.2d 199, 201 (Ala.Cr.App.1983).
After examining the evidence and applying the proper standards of review, we find that there was sufficient evidence presented by the State to allow the jury to conclude beyond a reasonable doubt that Buice was guilty of the unlawful distribution of marijuana, as charged.
A person commits the crime of unlawful distribution of controlled substances if he “sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in Schedules I through V.” § 13A-12-211(a), Code of Alabama 1975.
In this case the State presented ample evidence from which the jury reasonably could have inferred that Buice sold the undercover agent marijuana. Clint Stanton, an agent with the Alcoholic Beverage Control Board’s Enforcement Division, testified that he was working undercover on the night of January 5, 1989, in Gadsden. According to Stanton, he and an informant drove to Buice’s residence on Cansley Street in Gadsden and went inside. Stanton testified that he asked Buice if he could buy two “dime” bags of marijuana from her. According to Stanton, Buice took $20.00 from Stanton, told him she could get him some marijuana, went across the street, and returned with two brown paper bags of plant material, which she gave to Stanton. Upon examination by Sondra Freeman, of the Department of Forensic Sciences, the plant material was found to contain two grams of marijuana.
Although Buice denied that she committed this offense, there was sufficient evidence presented by the State from which the jury could conclude by fair inference that Buice was guilty of the unlawful distribution of marijuana. See Rivers v. State, 485 So.2d 805 (Ala.Cr.App.1986).
III.
Buice contends that the trial court erred in admitting the marijuana into evidence because, she argues, there was a defect in the chain of custody. In particular, Buice argues that Agent Stanton, who made the undercover marijuana purchase, did not seal or identify the marijuana at or near the scene of the purchase and thereby rendered the chain of custody defective.
“The establishment of a chain of custody is needed to show a reasonable possibility that evidence has not been tampered with or altered.” Grice v. State, 481 So.2d 449, 451 (Ala.Cr.App.1985). “To establish a sufficient predicate for admission into evidence it must be shown that there was no break in the chain of custody of the [item].” Ex parte Yarber, 375 So.2d 1231, 1234 (Ala.1979).
“However, it is not necessary to prove to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from, the object at the commencement of the chain.” Sommer v. State, 489 So.2d 643, 645 (Ala.Cr.App.1986).
A review of the evidence in this cause reveals that a sufficient chain of custody was presented and established. Stanton testified that Buice gave him the marijuana in two small bags at approximately 7:09 p.m. on January 5, 1989. Immediately upon receiving the bags, Stanton placed the bags in his jacket pocket. According to Stanton, the bags remained there, unaltered, until he dropped the informant off and drove to the Etowah County Narcotics Task Force office. Stanton testified that he turned the two bags over to Officer *1225 Vance Patton at the task force office at approximately 7:21 p.m. that evening, about 12 minutes after purchasing the marijuana from Buice. Stanton further testified that the two bags which he gave Patton were in the same condition as when he purchased them from Buice.
Patton testified that after Stanton turned the two bags over to him on January 5, 1989, he sealed the two bags inside one clear bag, put his initials on the clear bag, put an evidence card on it, and placed it in the evidence locker. He further testified that at 10:20 a.m. on January 18, 1989, he turned the sealed clear bag over to Officer Cox with the Etowah County Sheriffs Department and that when he turned the bag over to Cox, its contents were in the same or substantially the same condition as when Patton received them from Stanton.
Cox testified that on January 13, 1989, he received the sealed clear bag from Patton, put his case number on it, entered it in his log, and secured it in the evidence room upstairs. He testified that on January 17, 1989, he carried the sealed bag to the Department of Forensic Sciences lab at Jacksonville and that when he delivered the sealed bag to the lab it was in the same or substantially the same condition as when he received it from Patton.
Sondra Freeman, of the Department of Forensic Sciences, testified that on January 17, 1989, she retrieved the sealed plastic bag from Evidence Drawer A at the lab where Cox had placed the bag and that on the bag she put her case number, the date she received the bag, and her initials. She testified that when she returned the plastic bag to Cox on January 31, 1989, it was in substantially the same condition as when Cox gave it to her on January 17, 1989.
Cox further testified that on January 31, 1989, he received custody of the plastic bag from the lab and kept the bag secured in the evidence room in his office until it was brought to court for Buice’s trial. He further testified that the plastic bag was in the same or substantially the same condition as when he received it from the lab on January 31, 1989.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is hereby adopted as that of this Court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.