[Gunn v. The State.]

# Gunn *v.* The State.

## *Burglary.*

(Decided February 13, 1913. 61 South. 468.)

1. *Burglary; Evidence; Instructions.*—Where the evidence tended to show that a house was burglarized, and a watch and razor taken therefrom, and that on the night following the burglary the defendant was seen with the watch so stolen, and the defense was an alibi, a charge asserting that no matter how strong the circumstances, if they could be reconciled with the theory that one other than defendant committed the crime, he should be acquitted, was abstract.

2. *Charge of Court; Covered by Charges Given.*—The court will not be put in error for refusing instruction substantially covered by written instructions given.

3. *Same; Effect of Evidence.*—A charge which is upon the effect of evidence, or which asserts that there is no evidence of a particular fact, or which asserts no proposition of law, is properly refused.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Willie Gunn was convicted of burglary, and he appeals. Affirmed.

The evidence showed that the house of Mr. Walker was entered by way of a window, and a lady's gold watch and a razor were found missing. Other witnesses stated that they knew Willie Gunn, and that, on the night after the house was said to have been broken into, they saw Gunn with the watch, which each of the witnesses knew as being just like the one Mr. Walker had. The defendant set up an alibi, and also denied knowing anything about the matter himself. The following are the charges refused:

"(1) No matter how strong the circumstances, if they can be reconciled with the theory that one other than the defendant committed the crime, he should be acquitted.

"(2) You should acquit the defendant if the evidence does not establish his guilt beyond a reasonable doubt, and if there is a single link wanting in the chain of evidence.

"(3) There is no direct evidence of the guilt of the defendant, but the evidence against him is wholly circumstantial."

JACKSON & DELONEY, for appellant. The court erred in refusing charge 1.—*McCree v. The State,* 63 Ala. 234. Charge 2 should have been given, as should have charge 3.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court properly refused the requested charges, charge 1 on the authority of.—*Pittman v. The State,* 148 Ala. 612, *Bowen v. The State,* 140 Ala. 65, and the other charges either because they are abstract or assert no proposition of law.

PELHAM, J.—The only errors insisted upon as requiring a reversal of the case relate to the refusal of the trial judge to give the three written charges requested in behalf of the defendant.

The first charge asserts a proposition as to which the Supreme Court says, in the case of *Pittman v. State,* 148 Ala. 612, 616, 42 South. 993, with respect to similar charges, the previous decisions of that court seem to be in some confusion. The opinion in *Pittman's Case* discusses the previous cases and limits the cases in which the charge could be held proper, and excluded the case in hand. The instant case, under the ruling in *Pittman's Case,* is not one in which the charge, if ever allowable, should have been given. This same charge was condemned in *Bowen's Case,* 140 Ala. 65,

37 South. 233.  See, also, *Parham's Case,* 147 Ala. 59, 42 South. 1, and cases there cited.

The legal principle embodied in charge No. 2 refused is covered by given charge No. 3.

The trial court cannot be put in error for refusing a charge that asserts no proposition of law or that asserts there is no evidence of a specific fact or state of facts (*Anderson v. State,* 160 Ala. 79, 49 South. 460), and the refusal of charge No. 3 could be justified for these reasons alone; but the charge is also of doubtful applicability to all of the evidence, and the given charges show that the jury was fully instructed on the rules applying to the sufficiency of circumstantial evidence and the weight and conclusiveness to be accorded to it to justify a finding of guilty.

We find no error presented by the record, and the judgment appealed from will be affirmed.

Affirmed.