A jury found defendant (appellant) guilty of murder in the first degree and fixed his punishment at life imprisonment. The court sentenced him accordingly.
According to the undisputed evidence, the alleged victim was killed on March 23, 1979, by a shot or shots fired from a pistol while in a hand or the hands of defendant, or in a hand or the hands of the victim, or in a hand or the hands of each while both were in the home of the victim. Three bullets went through parts of his body. Two went through his head, and one penetrated his neck. Defendant had been courting the granddaughter of the victim who lived at the home of the victim. The pistol belonged to the victim. Testimony of the granddaughter was to the effect that she had become unenamored of defendant and desired his company no longer, that defendant became enraged in failing to obtain the aid of the grandfather, took the pistol and without justification fired three shots at him in rapid succession. Defendant testified that the grandfather had the pistol in hand and that it was fired while the two were struggling for the pistol. He claimed that he did not intentionally kill the victim and that his conduct was in self-defense. Immediately after the homicide defendant left the state and was apprehended in Los Angeles, California, and was then returned to Alabama. The evidence amply supported the verdict, and there is no contention to the contrary.
The only issue raised by appellant is as to the action of the court in overruling defendant's objection to the admission in evidence of four photographs of the body of the deceased that were taken by Dr. Richard Roper, of the Alabama Department of Forensic Sciences, while performing an autopsy thereon in his official capacity.
The objections of counsel for the defendant to the introduction of the photographs were heard and considered by the court out of the presence of the jury, as shown by five pages of the transcript immediately before the testimony of Dr. Roper. The gist of the objections stated was to the effect that the court had previously ordered the "District Attorney" to let defendant's counsel "inspect these and produce them for inspection" but that the district attorney "failed to do so and is in violation of the Court's Order." It seems undisputed that the particular photographs were not in the possession of the district attorney until the Friday before the Monday upon which the trial of the case commenced and that defendant's counsel had no knowledge of the particular photographs until Tuesday, the second day of the trial. It appears that it was the view of the district attorney that the circumstances stated justified his failure to produce for the inspection of defendant's counsel the particular photographs. In making known his views, the trial judge said, inter alia:
 "Yes, sir; but it also involves fair play, Mr. Morrow. It involves a full disclosure on the part of the State of the things that they are under order to disclose. Now if you knew of the existence of the photographs, you could at least have told them that Dr. Roper had them and asked them to inquire of Dr. Roper. Now I'm not saying it's all up to you to prepare the Defendant's case, it's not. You're here to prepare the State's case. But at the same time, when we have a conference, pretrial conference and in it we have a Motion to Produce and Inspect and we go down item by item and we rule on each one of them, then they have a right to rely on what comes out of the pretrial conference." *Page 142 
The court stated further, "Sometime between Friday and Monday you could have let them know that Roper had those photographs."
It was the contention of defendant, and is appellant's present contention, that the photographs reveal "that the trajectory of the bullets . . . negates the self-defense theory." In commenting on defendant's position, the court said, inter alia:
 ". . . I can't see where really the withholding of these photographs prejudices the Defendant's case. There is nothing you can do about them. They are certainly admissible. The only thing is that you feel rightly or not rightly, and I'm not passing judgment on that, but you feel like you haven't been treated fairly in connection with the evidence. It certainly doesn't in any way, as I see it, prejudice your rights or the right to have those photographs in evidence. They are of probative value and I don't know what you could have done about them. . . ."
One of defendant's counsel then said:
 "It has a wire running through the exit and entrance wound of the alleged deceased. It would show the trajectory of the bullet which would change the preparation of our case in this instance."
We do not have the benefit of what was said by the parties on the hearing of the motion to produce for inspection, as the trial court did. Furthermore, the record does not disclose fully the order of the trial court as to the motion to produce. We note from the motion to produce that it is extraordinarily lengthy and tends to cover almost every conceivable item, but that it lacks specificity. We can see, as appellant contends, the possibility that from a standpoint of advisable tactics there would have been a change in the way counsel prepared and presented the defendant's case if counsel had known before the trial started of the existence of the photographs, but we cannot say that the material evidence as to defendant's guilt or innocence would have been any different from what it was. We can also see that if counsel for the state had intentionally withheld the photographs from inspection by defendant's counsel in order to trap defendant's counsel into an unwise tactical maneuver, defendant's counsel would have just ground for complaint, but there is neither evidence nor a contention to that effect.
Although suppression of evidence to which a defendant is entitled in a criminal case may constitute a violation of the Due Process clause of the Fifth Amendment as amplified in coverage by the Fourteenth Amendment to the Constitution of the United States irrespective of whether the suppression has been intentional, the evidence must have a material bearing upon the question of the guilt or innocence of the defendant, which would exclude evidence that tends merely to cause defendant to overextend himself tactically.
 "Whether or not procedural rules authorizing such broad discovery might be desirable, the Constitution surely does not demand that much. While expressing the opinion that representatives of the State may not `suppress substantial material evidence,' former Chief Justice Traynor of the California Supreme Court has pointed out that `they are under no duty to report sua sponte to the defendant all that they learn about the case and about their witnesses.' In Re Imbler, 60 Cal.2d 554, 569 [35 Cal.Rptr. 293, 301], 387 P.2d 6, 14 (1963). And this Court recently noted that there is `no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.' Moore v. Illinois, 408 U.S. 786, 795, 92 S.Ct. 2562 [2568] 33 L.Ed.2d 706. The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish `materiality' in the constitutional sense." United States v. Agurs, 427 U.S. 97, 100, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342, 353 (1976).
The protection of the due process clause is primarily in the field of exculpatory rather than inculpatory evidence. Brady v.Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
It should be said also that the photographs were seen by defendant's counsel *Page 143 
before Dr. Roper testified and well before the defendant presented his evidence, including his own testimony.
Our opinion is that the trial court gave due consideration to all that was said and all that could have been said on the particular issue and correctly concluded that the photographs should be admitted in evidence notwithstanding the objections proposed by defendant.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur. *Page 645