The appellant was indicted for assault with intent to murder one Felicia Simon Tate by "stabbing her with a knife," in violation of § 13A-4-2, 13A-6-2, Code of Alabama 1975. The jury found the appellant guilty of attempted murder as charged in the indictment and, following a sentencing hearing, the trial court set punishment at 15 years in the penitentiary pursuant to the Habitual Felony Offender Act.
The weight and sufficiency of the evidence are not challenged by the appellant, therefore a complete recitation of the facts is unnecessary. The wounding of Felicia Simon Tate came after an argument at the home of her sister, between Linda Chapman and the appellant. The appellant had referred to the victim as a "bitch".
 I
The appellant contends that the trial court erred in refusing his written requested charge on sudden passion and legal provocation.
A review of the evidence indicates that there was no act of sudden passion caused by "legal provocation" in issue. The victim of this stabbing, Felicia Tate, and two other eye witnesses, testified that the appellant was in the kitchen of his ex-wife's home talking to his former step-daughter. Felicia Tate entered the kitchen and observed her niece crying. She asked why her niece was crying and told her to go in the living room. The appellant responded to this by calling Ms. Tate a "bitch". Ms. Tate's sister and the mother of the young girl, Linda Chapman, heard this and came into the kitchen. She asked her ex-husband, the appellant Roundtree, to leave. Ms. Tate asked the appellant why he called her such a name and Ms. Chapman stepped between them. The appellant reached over Ms. Chapman's shoulder and stabbed Ms. Tate in the chest. The witnesses further stated that no one advanced toward the appellant during this time and that no one threatened him.
The appellant testified that he did not mean to hurt anyone and the stabbing must have been an accident. He stated that he did not remember having a knife in his hand, but it was possible. He stated that everyone had crowded around him and that he just pushed his way through the group and left.
A review of the record in the instant case reveals that the trial court properly refused the requested jury instruction. It was not applicable under the evidence in this cause. SeeShepard v. State, 51 Ala. App. 66, 282 So.2d 418 (1973).
 II
The appellant contends that the trial court erred in allowing into evidence a knife which had not been given to defense counsel pursuant to the trial court's pretrial discovery order. The record indicates that defense counsel was informed of the *Page 33 
existence of the knife ten minutes before trial of the case commenced. Defense counsel moved for a mistrial based on nonproduction by the State and such motion was denied. The knife was subsequently admitted into evidence.
The record further indicates that the State was unaware of the existence of the knife until ten minutes before the trial when a police officer turned it over to them. The prosecutor immediately informed defense counsel of this and allowed defense counsel to inspect the knife. The record further reflects that the police report on the incident did not reveal that a knife had been recovered.
"The grant or denial of a mistrial is a matter within the sound discretion of the trial court and will only be disturbed upon a showing of manifest abuse." Durden v. State,394 So.2d 967 (Ala.Crim.App. 1980), cert. denied, 394 So.2d 977 (Ala. 1981); Wright v. State, 421 So.2d 1324 (Ala.Crim.App. 1982);Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967).
In the present case, defense counsel has neither shown that the State intentionally withheld the evidence, nor that the evidence was suppressed. Further, such evidence was not exculpatory, therefore, there is no violation of Brady v.Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) as appellant argues. The trial court did not err in denying the mistrial in this cause and the evidence at issue was properly admitted. See Jones v. State, 396 So.2d 140 (Ala.Crim.App. 1981); Wright v. State, 421 So.2d 1324 (Ala.Crim.App. 1982);Johnson v. State, 433 So.2d 473 (Ala.Crim.App. 1982), affirmed,433 So.2d 479 (Ala. 1983); Nelson v. State, 440 So.2d 1130
(Ala.Crim.App. 1983).
There is no error in this record. This cause is therefore affirmed.
AFFIRMED.
All the Judges concur.