Larry John Johnson was convicted of manslaughter in the death of Nancy Nails and sentenced to life imprisonment as a habitual offender.
On appeal, Johnson argues that the trial judge erred in refusing requested charges 3, 4, 5, 6, and 7 dealing with circumstantial evidence, inferences, deductions, and the burden of proof.
The charges requested by the defendant were:
"REQUESTED CHARGE NO. 3
 "The test of the sufficiency of circumstantial evidence is whether the circumstances, as proved, produce a moral conviction, to the exclusion of all reasonable doubt, of the guilt of the Defendant, (whether they are incapable of explanation upon any reasonable hypothesis consistant with the Defendant's innocence). There should not be a conviction upon circumstantial evidence unless, to a moral certainty, it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the circumstances, if they can be reconciled with the theory that the Defendant is innocent then the guilt of the accused is not shown by that full measure of proof the law requires, and the Defendant should be acquitted."
"REQUESTED CHARGE NO. 4
 "I charge you that, while a jury is under a duty to draw whatever permissible inferences it may from the evidence, including circumstantial evidence, mere speculation, conjecture, or surmise that the Defendant is guility [sic] of the offense charged does not authorize a conviction. A Defendant should not be convicted on mere suspension [sic] or out of fear that he might have committed the crime. While reasonable inferences from the evidence may furnish a basis for proof beyond a reasonable doubt, mere possibility, suspension [sic], or guesswork, no matter how strong, will not overturn the presumption of innocence."
"REQUESTED CHARGE NO. 5
 "An inference is merely a permissible deduction from the proven facts which the jury may accept or reject or give such probative value to as it wishes. It is a logical and reasonable deduction from the evidence and is not supposition or conjecture. Guesswork is not a substitute. A supposition is a conjecture based on the possibility or probability that a thing could have or may have occurred without proof that it did occur. The possibility that a thing may occur is not alone evidence, even circumstantially, that the thing did occur."
"REQUESTED CHARGE NO. 6
 "I charge you, the jury, that the State has presented circumstantial evidence in order to prove the guilt of the Defendant. Circumstantial evidence may be used to support a finding of guilt if the evidence is so strong and cogent as to show Defendant's guilt to a moral certainty and the circumstances producing the moral certainty of the accused guilt are incapable of explanation on any reasonable hypothesis."
"REQUESTED CHARGE NO. 7
 "I charge you, the jury, that the humane provisions of the law are, that a defendant charged with a felony, should not be convicted on circumstantial evidence, unless it shows by a full measure of proof, that the defendant is guilty. Such proof is always insufficient, unless it excludes, to a moral certainty, every other reasonable hypothesis, but that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that the defendant acted in a manner permitted by the law, then the defendant is not shown to be guilty, by that full measure of proof which the law requires."
The substance of requested charges numbers 3, 6, and 7 were fairly and substantially covered in that portion of the trial judge's oral charge to the jury where he stated that "a person charged with a criminal offense should not be convicted unless the evidence excludes to a moral certainty every reasonable theory except *Page 602 
that of the defendant's guilt. No matter how strong the circumstances are, they do not come up to the full measure of proof required by the law if the circumstances can be reasonably reconciled with the theory that the defendant is innocent." Wabbington v. State, 446 So.2d 665, 669-70
(Ala.Cr.App. 1983), cert. denied, Wabbington v. Alabama,467 U.S. 1254, 104 S.Ct. 3542, 82 L.Ed.2d 846 (1984). "The oral charge need not state the legal principle exactly as it appears in the requested charge. The principle expressed in the requested charge need only be fairly and substantially covered in the trial court's oral charge." Tyson v. State,361 So.2d 1182, 1188 (Ala.Cr.App. 1978).
The trial judge charged the jury on these principles immediately before the attorneys' closing arguments to the jury. Generally, a judge should not give undue prominence in his oral instructions to any aspect of the case. Ray v. State,248 Ala. 425, 429, 27 So.2d 872 (1946). Here, the separate charge worked to the defendant's benefit, emphasizing for the jury his basic rights.
Requested charge number 3 was also properly refused because of its use of the term "all reasonable doubt." Ex parteChavers, 361 So.2d 1106, 1108-09 (Ala. 1978).
The court's oral charge did not cover the substance of requested charges numbers 4 and 5. These charges contain correct propositions of law. Ex parte Williams, 468 So.2d 99,101 (Ala. 1985), quoting from Thomas v. State, 363 So.2d 1020
(Ala.Cr.App. 1978). However, "[s]tatements of law in judicial opinions are not always proper for jury instructions in other cases. . . . Lifting language from an opinion and embodying it in a written charge does not of itself make it a correct instruction to the jury." Knight v. State, 273 Ala. 480, 490,142 So.2d 899 (1962); Vincent v. State, 399 So.2d 923, 927
(Ala.Cr.App. 1981); Rolls v. State, 35 Ala. App. 283, 287,46 So.2d 8 (1950). "It is a mistake to suppose that expressions in judicial opinions, properly there used, can be made to serve as clear, succinct statements of the law in special charges to the jury." Wear v. Wear, 200 Ala. 345, 348, 76 So. 111, 114 (1917);Rolls v. State, 35 Ala. App. 283, 287, 46 So.2d 8 (1950). "[A] statement of law in an opinion of an appellate court of Alabama, unless subsequently modified, is correct, but it does not necessarily follow that it should be given by the trial court in its instructions to the jury." Scruggs v. State,380 So.2d 308, 312 (Ala.Cr.App. 1979), cert. denied, Ex parteScruggs, 380 So.2d 313 (Ala. 1980). However, "[w]here an applicable legal principle is sound law and has been pronounced clearly and explicitly by a long line of decisions, handed down by the Supreme Court of this State, . . . we can see no reason why the jury should not be instructed on that law, so that they can utilize it for their guidance in the fair administration of justice, and arrive at a true verdict in the case." Buckles v.State, 291 Ala. 352, 355, 280 So.2d 814 (1972).
The most significant distinction between Williams, supra, from which requested charges numbers 4 and 5 were lifted, and the defendant's case, is that the evidence in Williams wasentirely circumstantial. Here, even the defendant acknowledges that the evidence was only partly circumstantial. Appellant's brief, p. 9.
The circumstantial evidence in this case related to arson and rape, crimes for which the defendant was neither indicted nor convicted. Evidence of the homicide came from the defendant's own statement in which he admitted that a pistol discharged during a struggle with the victim. "Often a charge which is a correct statement of the law is properly refused because thefacts of the case do not specifically require it. . . ."Blalock v. State, 369 So.2d 35, 38 (Ala.Cr.App.), cert. denied,Ex parte Blalock, 369 So.2d 38 (Ala. 1979) (emphasis added). Requested charges concerning circumstantial evidence are properly refused where not all of the State's case is derived from circumstantial evidence and where the requested charges do not call for a consideration of all the evidence. Johnson v.State, 55 Ala. App. 581, 588, *Page 603 317 So.2d 548 (1975). See also McCoy v. State, 170 Ala. 10,54 So. 428 (1911).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.