The appellant was indicted by the Mobile County grand jury for robbery in the second degree, in violation of Code ofAlabama (1975), § 13A-8-42. Appellant was convicted in a jury trial of the offense charged, and was sentenced under the Habitual Felony Offender Act to life imprisonment. This appeal follows that conviction.
 I.
The appellant contends that the trial court erred in denying his motion for judgment of acquittal. Appellant argues that the State failed to show that he had any involvement in the theft of the merchandise taken from the department store, and, therefore, failed to prove all of the elements of the offense for which he was convicted.
The appellant was charged with robbery in the second degree. Such conduct is proscribed by Code of Alabama (1975), §13A-8-42, which stated in pertinent part:
 "(a) A person commits the crime of robbery in the second degree if he violates section 13A-8-43 and he is aided by another person actually present."
§ 13A-8-43 states in pertinent part:
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."
The general rule in Alabama is that "[a]n aider or abettor in the commission of a felony must be tried as a principal.Code of Alabama (1975), § 13-9-l." Wright v. State,494 So.2d 936, 937 (Ala.Cr.App. 1986); Magro v. State, 384 So.2d 871
(Ala.Cr.App.), cert. denied, 384 So.2d 875 (Ala. 1980). The words "aid and abet" encompass all assistance by acts, words of encouragement, or support, or presence, actual or constructive, to render assistance should it become necessary. Wright, supra;Sanders v. State, 423 So.2d 348 (Ala.Cr.App. 1982). Actual participation in the crime need not be proved by positive testimony to convict someone of aiding and abetting. "The jury is to determine whether the appellant's participation exists and the extent of it from the conduct of the parties and all the testimony presented." Walls v. State, 378 So.2d 1186, 1191
(Ala.Cr.App. 1979), cert. denied, Ex parte Walls,378 So.2d 1193 (Ala. 1980). Such facts as the defendant's presence in connection with his companionship, and his conduct at, before and after the commission of the act, are potent circumstances from which participation may be inferred. Sanders v. State, supra; Smith v. State, 57 Ala. App. 151, 326 So.2d 680 (1975), cert. denied, 295 Ala. 419, 326 So.2d 686 (1976).
The record of this case indicates that four women, later found to be passengers in the appellant's car, were observed while shoplifting in a Mobile department store. The women left the store without paying for the merchandise in their possession, and were followed into the parking lot by four employees of the store, including Ray Jones, who was the store's chief of security and who was also a state constable. Jones identified himself and attempted to stop the women, who were walking toward the appellant's car. A brief scuffle ensued, at which time the appellant exited his vehicle carrying a hookbill knife, threatened to kill the store's employees, and cut Jones on the arm with his knife.
At this point, the four women and the appellant got into the appellant's car and drove away from the store, with Jones in pursuit. While attempting to elude the car driven by Jones, the occupants of the appellant's *Page 770 
vehicle began throwing the stolen merchandise from the windows of the car. Shortly thereafter, the appellant's car was stopped by Jones and Detective Lark Dodd of the Mobile County sheriff's department, who was responding to Jones's radio request for assistance. A search of the appellant's car yielded the hookbill knife and three other knives, all of which were admitted into evidence. Jones also recovered the stolen merchandise that had been thrown from the appellant's car.
In determining whether to grant a motion for judgment of acquittal, the trial court must consider the evidence in the light most favorable to the State. Andrews v. State,473 So.2d 1211, 1213 (Ala.Cr.App. 1985). When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit it to the jury, and in such a case, this Court will not disturb the trial court's decision. Koger v. State, 443 So.2d 1343 (Ala.Cr.App. 1983). See also Temporary Rule 12.1(a), (b), and 12.2(a) — (c), Alabama Rules of Criminal Procedure.
The State in this case proved more than the "mere presence" of the appellant at the scene of the crime. While he may not have entered the store and stolen the merchandise himself, the appellant's actions in assisting the escape of the four women showed his consciousness of guilt and indicated that he intended to aid and abet the commission of the theft. The State's evidence was sufficient to sustain the conviction, notwithstanding appellant's suggestion that he was unaware that a crime had been committed. "Where the evidence is conflicting as to the defendant's connection as an accomplice or co-conspirator, a jury question is presented." Sanders v.State, supra, citing Watkins v. State, 357 So.2d 156, 160
(Ala.Cr.App. 1977), cert. denied, 357 So.2d 161 (1978).
The appellant further contends that he was improperly convicted based upon circumstantial evidence that unfairly allowed the jury to infer his participation in the underlying theft. As it is clear from the record that the circumstantial evidence offered against the appellant could lead only to the inference that he was guilty of aiding or abetting the commission of the theft, and was inconsistent with every reasonable hypothesis of his innocence, this Court finds no merit in appellant's argument. See Andrews, supra, at 1216;Cumbo v. State, 368 So.2d 871, 875 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979).
 II.
The appellant next contends that, due to numerous errors in the manner in which his trial conducted, the trial court erred in denying his motions for judgment of acquittal, mistrial, and a new trial.
 A.
The appellant first argues that he was due to be granted a mistrial because one of his witnesses was arrested in the presence of the jury. The first witness called by the appellant was Diane Robinson, who was 14 years old. At the conclusion of her testimony, the following exchange occurred:
 "THE COURT: You can go down and go back out in the hall.
"MR. SOTO: Mamie Robinson.
 "A SPECTATOR: Judge, I need to know if you all are through with her for the day because I have to take her out to the youth center.
"THE COURT: What did he say?
 "A SPECTATOR: I'm a juvenile officer, Sir, from the Mobile Police Department, and I have a warrant for her arrest. If you are through with her today. . . .
"MR. SOTO: I object. . . .
 "A SPECTATOR: I would like to take her on out and book her.
 "THE COURT: Well, you can put her under arrest. . . . Are you through with her?
 "MR. SOTO: Yes sir. And I will object to that being said in front of the jury. It is going to prejudice them against that child.
 "THE COURT: Well, certainly, you should have waited and got me or got the jury out of here before you told us *Page 771 
about that. Go ahead. (Spectator leaves with witness.)
"MR. SOTO: Your Honor, I move for a mistrial.
"THE COURT: And I deny that motion."
After the defense rested its case, and before closing arguments were presented, the trial court conducted a voir dire of the jury. The court referenced the exchange described above, and then asked each juror whether the incident would affect his or her ability to determine the appellant's guilt or innocence based upon the evidence presented. After each juror stated that the incident would have no effect on his or her ability to reach a verdict, closing arguments were made, and the case was submitted to the jury.
The grant or denial of a mistrial is a matter within the sound discretion of the trial court and will be disturbed only upon a showing of manifest abuse of that discretion. Baker v.State, 477 So.2d 496, 503 (Ala.Cr.App. 1985), cert. denied,Baker v. Alabama, 475 U.S. 1029, 106 S.Ct. 1231, 89 L.Ed.2d 340
(1986); Roundtree v. State, 461 So.2d 31 (Ala.Cr.App. 1984). Entry of a mistrial is too drastic and is properly denied.Woods v. State, 460 So.2d 291, 296 (Ala.Cr.App. 1984); Chillousv. State, 405 So.2d 58 (Ala.Cr.App. 1981).
The trial court made a diligent effort to eliminate any prejudicial impact that this incident had on the appellant's case. The trial court questioned each juror as to his or her ability to decide this case based upon the facts in evidence, and submitted it to the jury only after being satisfied that, in fact, no prejudice or bias occurred as a result of the incident. It is our finding that the incident did not deprive the appellant of a fair and impartial trial. Accordingly, the trial court did not err in denying the appellant's motion.
Although this occurrence had the potential to prejudice the appellant's case, and the prosecution's involvement is highly suspect and would be strongly improper, where due process is in issue, the emphasis of this Court should not center on the impropriety of the prosecutor, but the avoidance of an unfair trial for the accused. cf. Mooney v. Holohan, 294 U.S. 103,55 S.Ct. 340, 79 L.Ed. 791 (1935).
 B.
The appellant argues that the trial court erred in denying his requested jury charges 12, 18, 19, and 20. Appellant's requested jury charge No. 12 states as follows:
"DEFENDANT'S REQUESTED JURY CHARGE NO. 12
 If the jury, upon considering all of the evidence, has reasonable doubt about the defendant's guilt arising out of any part of the evidence, then you should find the defendant not guilty. The prosecution must prove each and every element beyond a reasonable doubt and to a moral certainty. Reasonable doubt does not mean a doubt for which you as the juror can actually state a particular reason. A jury may draw reasonable inferences from the evidence but there must be a reasonable connection between the fact proved and the ultimate fact inferred. Inferences may be drawn only from the facts established by the evidence. An inference may not be drawn from another inference."
Initially, it should be noted that not all of the evidence presented by the State was circumstantial. "Requested charges concerning circumstantial evidence are properly refused where not all of the State's case is derived from circumstantial evidence and where the requested charges do not call for aconsideration of all the evidence." Johnson v. State,497 So.2d 600, 602 (Ala.Cr.App. 1986); Johnson v. State, 55 Ala. App. 581,588, 317 So.2d 548 (1975) (emphasis supplied). As requested charge No. 12 failed to call for consideration of all the evidence, the charge was properly denied. Additionally, the charge pertains to both "reasonable doubt" and "circumstantial evidence," and is confusing. A trial court is not obligated to give jury instructions which would be abstract, confusing, or not helpful. Kirksey v. State, 475 So.2d 646 (Ala.Cr.App. 1985).
Requested charges 18, 19, and 20, while being correct statements of law, contain *Page 772 
no instructions as to their effect upon, or application to, the issues involved in the case. Edwards v. State, 452 So.2d 487,499 (Ala.Cr.App. 1982), rev'd on other grounds, Ex parteEdwards, 452 So.2d 503 (Ala. 1983); Craig v. State,389 So.2d 177 (Ala.Cr.App. 1980). Such charges are abstract, Hudson v.State, 335 So.2d 208 (Ala.Cr.App.), cert. denied, 335 So.2d 211
(Ala. 1976), and are properly refused. Moreover, each of these charges bears either a statutory or case citation. Refusal of a requested charge does not constitute error where the charge bears citation of authority. State v. Ingalls, 277 Ala. 562,173 So.2d 104 (1965).
 III.
Finally, the appellant contends that partiality of the trial court denied him of his rights to due process and equal protection. The appellant contends that the court's partiality is evidenced by certain remarks made by the court during the course of the trial.
All of the statements complained of by the appellant occurred outside the presence of the jury. The statements, either individually or collectively, did not influence, and were not intended to influence, the result of this case. Therefore, the statements do not furnish a ground for reversal. See Oglen v.State, 440 So.2d 1172, 1175 (Ala.Cr.App. 1983), cert. denied,Ex parte Oglen, 440 So.2d 1177 (Ala. 1983); McCovery v. State,365 So.2d 358, 362-63 (Ala.Cr.App. 1978). This Court does not assign to the judge's comments and conduct the same implications and weight as does the appellant.
For the foregoing reasons, this cause is due to be affirmed.
AFFIRMED.
All Judges concur except PATTERSON, J., concurring in result only.