The appellant, Derric Dailey, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to 25 years in prison.
The state's evidence tended to show that on the evening of May 23, 1991, Karen Reagan, a pizza delivery worker for Pizza Hut restaurant in Montgomery, was robbed. After midnight, a pizza order was placed from a pay telephone. Reagan went to deliver the pizza to the address given over the phone. She was apprehensive because a previous incident involving an order placed on a pay telephone ended in a robbery. When Reagan arrived at the delivery address, she took out her .38 Colt revolver and put it in the pocket of a pouch that she wore around her waist. As she headed to the rear of the vehicle with the pizzas, a black man approached her and stuck a gun in her chest. He said, "Give me the pizzas." She complied. He then said, "Give me the money." She was having some difficulty unfastening the pouch around her waist when the man asked her, "How much money is in this bag?" Before she could answer, the man pushed the gun at her and pulled the trigger. The gun clicked but did not fire, so she grabbed the man by the arm and he fell against the window of her vehicle. When he fell against the vehicle she saw a second man standing behind him. Reagan drew her revolver and fired several shots in their direction as they ran up the street. They jumped into a car across the street and sped off. Reagan got back into her vehicle and drove down the same street that the robbers had taken. She saw a car driving through stop signs without stopping and she followed it to get the license number. As she neared the car she saw a man stick a gun out of one of the windows. She did not think that the gun was fired at her at this time.
Reagan returned to the restaurant and called the police. A description of the vehicle was given over the police radio along with the fact that three or four black youths would be in the vehicle. Corporal Michael Thomas, an off-duty Montgomery police officer, saw a car matching the description. Corporal Thomas recognized two of the youths in the car because they had had contact with the police prior to this incident. He followed them for several miles until back-up could arrive and then he stopped them. After the four youths exited the vehicle, he saw pizza boxes in plain view in the vehicle. A pouch matching the *Page 438 
description of the one taken from Reagan and a 12-pack of beer were also recovered from the vehicle. No pistol was found in the car.
The four youths were taken to the police station where police discovered that the appellant had been shot in the leg. He was taken to Jackson Hospital for treatment, and while he was there he made a statement to Officer Steve Saint. After he was read his Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966), rights, the appellant said that he was in the car when two of the others had discussed the robbery, but that he had told them that he wanted no part of the robbery. He also stated that he was shot by Reagan but that he was just leaning against the vehicle when the shooting occurred. He said that he was not one of the two individuals who did the actual robbery.
 I
The appellant initially argues that the trial court erred in not granting his motion for judgment of acquittal at the end of the state's case. He contends that his motion should have been granted because there was no evidence presented by the state that he was the one who had used the gun in the robbery. He maintains that there was no evidence that he violated §13A-8-41, Code of Alabama 1975.
Section 13A-8-41, states, in pertinent part:
 "(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43
[threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property] and he:
 "(1) Is armed with a deadly weapon or dangerous instrument."
In Alabama it makes no difference whether the individual charged with robbery was the person who actually held the gun to the victim's face.
 "The general rule in Alabama is that '[a]n aider or abettor in the commission of a felony must be tried as a principal. Code of Alabama (1975), § 13-9-1.' Wright v. State, 494 So.2d 936, 937
(Ala.Cr.App. 1986); Magro v. State, 384 So.2d 871
(Ala.Cr.App.), cert. denied, 384 So.2d 875 (Ala. 1980). The words 'aid and abet' encompass all assistance by acts, words of encouragement, or support, or presence, actual or constructive, to render assistance should it become necessary. Wright, supra; Sanders v. State, 423 So.2d 348
(Ala.Cr.App. 1982). Actual participation in the crime need not be proved by positive testimony to convict someone of aiding and abetting. 'The jury is to determine whether the appellant's participation exists and the extent of it from the conduct of the parties and all the testimony presented.' . . . Such facts as the defendant's presence in connection with his companionship, and his conduct at, before and after the commission of the act, are potent circumstances from which participation may be inferred."
Henry v. State, 555 So.2d 768, 769 (Ala.Cr.App. 1989).
"When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit it to the jury. . . ." 555 So.2d at 770. Here, though the appellant may not have been the individual who actually held the gun on Reagan, he could legally be responsible because in Alabama there is no distinction between principles and accessories. § 13A-2-23, Code of Alabama 1975.
The appellant also argues that the jury should not have found that he participated in the crime and the court should have granted his motion for judgment of acquittal at the end of the defense's case. This argument is not supported by the evidence. It ignores the testimony of the victim. Any evidence that is conflicting or contradictory presents a question for the finders of fact, the jury, to reconcile. "[V]erdicts rendered [on conflicting evidence] are conclusive on appeal."Johnson v. State, 555 So.2d 818 (Ala.Cr.App. 1989).
The case was correctly submitted to the jury for its consideration. *Page 439 
 II
The appellant further argues that the trial court erred in instructing the jury on evidence of flight and complicity. These instructions were lawfully required by evidence presented during the trial and were correctly given to the jury.
Here, evidence showed that the robbers fled the scene of the crime. " 'It is settled law that in criminal cases the flight or attempted flight of a defendant is a circumstance which the jury may take into consideration.' " Player v. State,568 So.2d 370, 373 (Ala.Cr.App. 1990), quoting Ward v. State,497 So.2d 571, 573 (Ala.Cr.App.), reversed on other grounds,497 So.2d 575 (Ala. 1986).
Furthermore, an instruction on complicity was justified for the reasons stated in Part I, because an aider and abetter to a crime is just as guilty as the party who committed the crime.
The appellant also argues that the trial court erred in denying several of his requested jury instructions. The court's oral instructions to the jury substantially covered the requested charges that the court denied. No reversible error occurred here. Shaneyfelt v. State, 494 So.2d 804 (Ala.Cr.App. 1986).
For the foregoing reasons the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 758