TAYLOR, Judge.
The appellant, Bryde Sledge, was convicted of two counts of unlawfully breaking and entering a vehicle, in violation of § 13A-8-ll(b), Code of Alabama 1975. He was sentenced to three years’ imprisonment for each count, the sentences to run concurrently.
The state’s evidence tended to show that on November 29, 1991, Wells Johnston and his wife were shopping at the Madison Square Mall in Huntsville. While Johnston was sitting in his car waiting for his wife, he heard the sound of breaking glass. He got out of his car and saw the appellant walking away from a maroon car with a broken side window. Johnston did not see anyone else around the car. The appellant entered a yellow, two-door compact car and drove away. Johnston wrote down the license number of the yellow car and returned to the mall to call security. Johnston told the security officers that the appellant was a young black male with a very stocky build and a very short haircut.
Johnston then drove to a nearby shopping center that he manages, where he saw the same yellow compact car in front of the J & T Pawn Shop. Johnston entered the pawnshop and saw the appellant trying to pawn a Cobra brand radar detector. Johnston told James Tate, the proprietor of the pawnshop, that he believed that the appellant had been involved in breaking into a vehicle at the mall, and asked Tate to accept the radar detector. Tate allowed the appellant to pawn the radar detector for $30.
The owner of the Cobra brand radar detector was Judy Pearson. She testified that she was shopping at the Madison Square Mall on November 29, 1991. When she returned to her car at approximately 1:00 or 1:30 p.m., she found that the driver’s side window had been broken and that her radar detector was missing. After speaking with the police, she went to the J & T Pawn Shop, where she identified her radar detector. The radar detector was then returned to her. She testified that the value of her radar detector was $100.
Jolie Michelle Landess testified that on November 29, 1991, she was an employee at The Limited, a women’s apparel store at the Madison Square Mall. On that day, she was notified by mall security that her maroon Honda CRX automobile had been broken into. She testified that a Kraco brand radar detector had been taken from her car. She valued the stolen radar detector at $50.
I
The appellant first contends that there was a fatal variance between the indictment and the evidence offered at trial. Specifically, he argues that the indictment charged two counts of felony theft, but that the evidence offered at trial proved only misdemeanor offenses, i.e., theft of property in the third degree. The indictment against the appellant states:
“The Grand Jury of said County charge, that before the finding of this indict *939 ment, BRYDE SLEDGE, whose name is unknown to the Grand Jury other than as stated, did, without the consent of the owner, to-wit: Jolie Landess, break into and enter a vehicle, to-wit: a 1991 Honda Civic, or any part of the said motor vehicle, with the intent to commit any felony therein, to-wit: theft, in violation of § 13A-8-11 of the Code of Alabama, against the peace and dignity of the State of Alabama.
“COUNT TWO: The Grand Jury of said County charge, that before the finding of this indictment, BRYDE SLEDGE, whose name is unknown to the Grand Jury other than as stated, did, without the consent of the owner, to-wit: Judy Pearson, break into and enter a vehicle, to-wit: a 1986 Pontiac Grand Am, or any part of the said motor vehicle, with the intent to commit a felony therein, to-wit: theft, in violation of § 13A-8-11 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
Section 13A-8-ll(b) states:
“(b) A person commits the crime of unlawful breaking and entering a vehicle if, without the consent of the owner, he breaks into and enters a vehicle or any part of a vehicle with the intent to commit any felony or theft. For the purposes of this section, ‘enters’ means to intrude:
“(1) Any part of the body; or
“(2) Any physical object connected with
the body;
“(3) Unlawful breaking and entering a vehicle is a Class C felony.”
(Emphasis added.)
The appellant argues that the evidence offered at trial proved only theft of property in the third degree, a class A misdemeanor under § 13A-8-5, Code of Alabama 1975, because the radar detectors were valued at only $50 and $100, respectively. However, the unlawful breaking and entering of a vehicle, a violation of § 13A-8-11, Code of Alabama 1975, is a separate and distinct offense from theft of property under the Code. In order to convict a defendant for the unlawful breaking and entering of a vehicle, it must be shown only that the defendant intended to commit any felony or theft. Section 13A-8-11 does not specify a particular degree of theft or require that any articles taken be valued at a certain amount or even require that a theft occurred. It requires only that the defendant have the requisite intent to commit any felony or theft.
“An indictment must apprise the accused with a reasonable certainty of the nature of the accusation against him so that he may prepare his defense and plead the judgment of conviction as a bar to any subsequent prosecution for the same offense.” Copeland v. State, 455 So.2d 951, 956 (Ala.Cr.App.), cert, denied, 455 So.2d 956 (Ala.1984). See also Griffin v. State, 500 So.2d 83, 85 (Ala.Cr.App.1986).
Here, the indictment charged the appellant with the unlawful breaking and entering of two vehicles, under § 13A-8-11, Code of Alabama 1975. Evidence at trial proved that the appellant broke into and entered two vehicles. There was no variance between the indictment and the evidence presented at trial.
II
Next, the appellant contends that the trial court erred by refusing to charge the jury on circumstantial evidence. However, as the trial court correctly recognized, the state’s case against the appellant was not based entirely on circumstantial evidence. “Requested charges concerning circumstantial evidence are properly refused where not all of the State’s case is derived from circumstantial evidence and where the requested charges do not call for a consideration of all the evidence.” Johnson v. State, 497 So.2d 600, 602 (Ala.Cr. App.1986). See also Henry v. State, 555 So.2d 768 (Ala.Cr.App.1989). No reversible error occurred here.
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.